IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Melissa Berry, ) | Case No. 7:11-cv-00531-JMC-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| AFL Telecommunications, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff brought this employment action in the South Carolina Court of Common Pleas for Spartanburg County.[1] [Doc. 1-1.] Defendant removed the action to this Court on April 8, 2011. [Doc. 1.] On April 15, 2011, Defendant filed a motion to dismiss. [Doc. 8.] On May 11, 2011, Plaintiff's attorney moved to withdraw, stating that, despite multiple attempts, he had been unable to contact Plaintiff since approximately late January 2011. [Doc. 13.]

On May 13, 2011, the Court granted the motion to withdraw [Doc. 15] and advised Plaintiff that, as she was now proceeding pro se, she would have to inform the Court of any change of address [Doc. 22]. Further, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if she failed to adequately respond to Defendant's motion to dismiss. [Doc. 23.] Despite this explanation, Plaintiff did not respond to the motion. Because Plaintiff is proceeding pro se, the Court filed an Order on June 20, 2011, giving Plaintiff through July 13, 2011, to respond to the motion to

---

[1] Plaintiff's Complaint alleges claims of gender/sex discrimination and sexual harassment pursuant to Title VII, a claim of EEOC retaliation, and a breach of contract claim. [Doc. 1-1.]

dismiss. [Doc. 26.] Plaintiff was specifically advised that if she failed to file a response, this action would be subject to dismissal for failure to prosecute. [*Id.*] Despite this explanation, Plaintiff elected not to respond.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances

of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiff is now proceeding pro se, she is personally responsible for her failure to file a response. The case has been pending almost a year, and Plaintiff has now had over ten months to file a response to the motion to dismiss—and over nine months to respond since she began proceeding pro se. The Court has warned Plaintiff that the case would be dismissed pursuant to Rule 41(b) if Plaintiff failed to file a response. [Doc. 26.] Despite this explanation, Plaintiff has elected not to respond.[2] Because Plaintiff has already ignored deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends that the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 21, 2012
Greenville, South Carolina

---

[2] The Court notes it has not received any mail returned as undeliverable to Plaintiff, and Plaintiff's attorney indicated in his motion to withdraw that Plaintiff has failed to respond to his attempts to contact her since approximately January 2011 [Doc. 13].